This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CHARLES D. HOBSON,**

Petitioner-Appellant,

**v.**                                                    No. **A-1-CA-37594**

**GLORIA HOBSON,**

Respondent-Appellee,

and

**STATE OF NEW MEXICO ex rel.**
**HUMAN SERVICES DEPARTMENT,**

Intervenor.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Debra Ramirez, District Judge**

Charles D. Hobson
Cedar Crest, NM

Pro Se Appellant

Gloria Hobson
Albuquerque, NM

Pro Se Appellee

Becky S. Jiron

Albuquerque, NM

for Intervenor

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Petitioner, a self-represented litigant, appeals from the district court's memorandum order. In this Court's notice of proposed disposition, we proposed summary affirmance. Petitioner filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

{2}     In his memorandum in opposition, Petitioner continues to argue that the district court abused its discretion because it did not consider his future income when making its determination regarding spousal support [MIO 1-3] and that the law cited in his docketing statement in fact requires him to continue making payments, regardless of whether his ex-wife wishes to receive such payments and regardless of the fact that all of their children are no longer minors [MIO 3-5]. Petitioner has not asserted any new facts, law, or argument, and has not otherwise persuaded us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107

N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Petitioner to our analysis therein.

{3}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order.

{4}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**JULIE J. VARGAS, Judge**